Hernandez v. Sessions

BIA
Wright, IJ
A200 236 433

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand seventeen.

PRESENT:
　　　GUIDO CALABRESI,
　　　RICHARD C. WESLEY,
　　　RAYMOND J. LOHIER, JR.,
　　　　　*Circuit Judges.*

_____

MARIA SUYAPA HERNANDEZ,
　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　16-330
　　　　　　　　　　　　　　　　　　NAC
JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
　　　*Respondent.**

_____

FOR PETITIONER:　　　　Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT:　　　　Benjamin C. Mizer, Principal Deputy
　　　　　　　　　　　　Assistant Attorney General; Mary

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III, is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Jane Candaux, Assistant Director;
Aimee J. Carmichael, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Suyapa Hernandez, a native and citizen of Honduras, seeks review of a January 11, 2016, decision of the BIA, affirming a December 16, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Suyapa Hernandez,* No. A200 236 433 (B.I.A. Jan. 11, 2016), *aff'g* No. A200 236 433 (Immig. Ct. N.Y.C. Dec. 16, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, that is, minus the bases for denying relief that were not considered by the BIA. *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we do not address the IJ's conclusion that Hernandez's asylum application was untimely, which the BIA did

2

not rely on. *Id*. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Hernandez was not credible as to her claim that her former partner threatened to kill her and abused her daughter.

The agency reasonably relied on Hernandez's inconsistent statements regarding her partner's threat to kill her. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In her written statement, Hernandez claimed that her partner threatened to kill her when she accused him of molesting her daughter, but she testified inconsistently that she never confronted him about the abuse. Furthermore, when asked to explain why her partner threatened to kill her (if not a result of a confrontation about the alleged

3

abuse), Hernandez could not say what they were arguing about, but rather avoided answering the question.

The agency also reasonably relied on Hernandez's omission from her written statement of her claims that her partner threatened to behead her and raped her multiple times. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent."). The agency also did not err in finding Hernandez's testimony inconsistent with her border interview. She testified that she told U.S. immigration officials at the border that she was afraid to return to Honduras, but the record of that sworn statement, which bore the hallmarks of reliability, reflected that she stated she had no fear of returning to Honduras. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Zhang v. Holder*, 585 F.3d 715, 721-22 (2d Cir. 2009) (recognizing that interview record "bears hallmarks of accuracy and reliability" when it contains "a verbatim account or transcript[,] . . . was conducted in a manner designed to elicit the details of an asylum claim[,] . . . and . . . contains no indication that the alien was reluctant to reveal information or did not understand" (internal quotation marks and citations omitted)). Hernandez did not compellingly

4

explain any of the record inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Hernandez's credibility, the IJ reasonably relied further on Hernandez's failure to rehabilitate her testimony with any evidence corroborating her claim. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency was not compelled to credit Hernandez's explanation that her daughter who lives in the United States could not testify because she is also in removal proceedings, particularly as the explanation did not account for the absence of a written statement. *Cf. Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011) (holding that a reasonable fact finder is not compelled to conclude that a spouse is unavailable to testify based on fear of arrest due to unlawful status). Moreover, the IJ was not required to give Hernandez additional time to obtain corroborating statements or to explain why the missing evidence was not reasonably available. *See Liu v.*

*Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009); *Diallo v. Gonzales*, 445 F.3d 624, 633-34 (2d Cir. 2006).

Given the inconsistency and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

There is no merit to Hernandez's argument that the BIA should have found the Government in default and ruled in her favor based on the Government's decision not to file a brief on appeal to the BIA. The Government was permitted to file a response brief to Hernandez's brief on appeal, but it was not required to do so. *See* BIA Practice Manual § 4.6(f) ("When the appealing party files an appeal brief, the other party may file a 'response brief.'").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

6

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk